**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re:<br><br>LILLIE MARIE COLEY,<br><br>Debtor. | Case No. 25-22211 (JNP)<br><br>Chapter 7 |
| SHAWN CARTER,<br><br>Plaintiff,<br><br>v.<br><br>LILLIE MARIE COLEY,<br><br>Defendant. | Adv. Pro. No. 26-1035<br><br>Judge: Jerrold N. Poslusny, Jr. |

# MEMORANDUM DECISION

**JERROLD N. POSLUSNY, JR., U.S. Bankruptcy Judge**

Shawn Carter (the "Plaintiff") filed a request seeking a time extension to effect service of process of the adversary complaint (the "Motion to Extend"). Dkt. No. 6. Lillie M. Coley (the "Defendant") opposes the Motion and filed a motion to dismiss, asserting insufficient service (the "Motion to Dismiss"). Dkt. No. 8. For the reasons discussed below, the Court will grant the Motion to Extend and deny the Motion to Dismiss.

## Background

On November 17, 2025, (the "Petition Date') the Defendant filed a voluntary Chapter 7 petition. Main Case No. 25-22211. On February 9, 2026, the Plaintiff filed an adversary complaint seeking nondischargeability of his claims. Dkt. No. 1. On February 10, 2026, the Clerk's Office issued a summons related to the complaint. Dkt. No. 2. On March 20, 2026, the Defendant filed a Notice of Defective Service, alleging that proper service of the summons and complaint had not

occurred. Dkt. No. 3. In response, the Plaintiff filed an affidavit of service, asserting that on March 17, 2026, a non-party at least 18 years personally served the Defendant with the summons and complaint at the Defendant's home address. Dkt. No. 4. The Plaintiff also mailed a copy of the summons and complaint to the Defendant at that same address on April 13, 2026. Dkt. No. 12. The Defendant then filed a Memorandum Regarding Disputed Service (the "Memorandum") denying receipt of service and arguing that even if she had been served, it was not timely. Dkt. No. 5.

On April 17, 2026, the Plaintiff filed a response to the Memorandum which included the Motion. Dkt. No. 7. The Motion argues that service was proper, but if it was not, it asks the Court to deem it proper. Id. On April 24, 2026, the Defendant filed the Motion to Dismiss. Dkt. No. 8. The Motion to Dismiss chiefly argues that the adversary complaint should be dismissed because the Plaintiff failed to properly effectuate service. Id. The Plaintiff's opposition advances essentially the same arguments as in the Motion. Dkt. No. 12. Specifically, the Plaintiff argues that proper service occurred, although untimely, and that the Court should grant an extension of time to allow service of the summons and the complaint. Id.

**Jurisdiction**

This Court has jurisdiction under 28 U.S.C. §§ 1334, 157(a), (b), as well as the Standing Order of Reference issued by the United States District Court for the District of New Jersey on July 23, 1984, as amended. Venue is proper in this Court under 28 U.S.C. § 1409. This is a core proceeding under 28 U.S.C. § 157(b)(2)(I).

**Discussion**

Pursuant to Bankruptcy Rule 7004(e)(1), which governs the time limit for service of process of a summons:

> A summons and complaint served by delivery under Fed R. Civ. P. 4(e), (g), (h)(1), (i), or (j)(2) must be served within 7 days after the

> summons is issued. If served by mail, they must be deposited in the mail within 7 days after the summons is issued. If a summons is not timely delivered or mailed, a new summons must be issued.

Fed. R. Bankr. P. 7004(e)(1). Courts have recognized that a summons not served within the required seven-day period required by Bankruptcy Rule 7004(e)(1) becomes stale, and any subsequent attempt to effectuate service of process using that summons is ineffective and cannot constitute valid service of process. In re Long, 677 B.R. 77, 83 (Bankr. S.D. Ohio 2026); Johnson v. Smith, 835 F. App'x. 114, 115 (6th Cir. 2021).

In addition, Federal Rule of Civil Procedure ("Civil Rule") 4(m), made applicable by Bankruptcy Rule 7004, provides a deadline to complete service:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period . . . .

Fed. R. Civ. P. 4(m). Reading both rules together, if a summons and complaint are not served within seven days of issuance of the summons, it becomes stale, but a new summons must be issued. See Fed. R. Bankr. P. 7004(e). However, if service is not completed in 90 days, the court must dismiss unless the plaintiff shows good cause for an extension. See Fed. R. Civ. P. 4(m). See also Johnson v. Smith, 835 F. App'x. 114, 115 (6th Cir. 2021) (a plaintiff must comply with the seven-day requirement of Bankruptcy Rule 7004(e)(1) and the 90-day service of process deadline of Civil Rule 4(m)).

The Plaintiff's own statements concede that service was not timely pursuant to the requirements of Bankruptcy Rule 7004(e)(1). As noted above, the summons was issued on February 10 but was not personally served until March 17; and service by mail was not completed until April 13. As discussed above, neither attempt effectuated proper service because each was

completed outside the seven-day deadline of Bankruptcy Rule 7004(e)(1). Therefore, the Plaintiff's request to deem service effective must be denied. However, the Court must also consider whether it is appropriate to issue an alias summons for the Plaintiff to properly effectuate service.

Because neither attempted service of process was effective and more than 90 days have elapsed since the filing of the complaint, the Court must analyze whether an extension of time is warranted under Civil Rule 4(m). As discussed above, if a plaintiff does not provide proper service of process within 90 days of filing a complaint, a court must dismiss the action unless the plaintiff has shown "good cause" for failing to serve within 90 days. See Fed. R. Civ. P. 4(m). The Court may also order the service be made within a specific time. Even in the absence of good cause for failure to effectuate timely service of process, Civil Rule 4(m) provides the Court with discretion to extend the 90-day period upon a showing that an extension is warranted under the circumstances. Petrucelli v. Bohringer & Ratzinger, 46 F.3d 1298, 1305-06 (3d Cir. 1995).

To demonstrate good cause, the Plaintiff must demonstrate that "[he] acted in good faith and that [his] actions were reasonable." In re Hechinger Inv. Co. of Del., Inc., 308 B.R. 683, 688 (Bankr. D. Del. 2003). "Good cause is analyzed under an excusable neglect standard, which requires good faith by the plaintiff and a reasonable excuse for insufficient service of process." In re Lenox Healthcare, Inc., 319 B.R. 819, 822 (Bankr. D. Del. 2005). Courts should extend the time to serve when Plaintiff's counsel exhibits "substantial diligence, professional competence, and good faith, but fails to comply with the rule as a result of some minor defect." In re Lenox Healthcare, Inc., 311 B.R. 404, 407 (Bankr. D. Del. 2004). In determining the existence of good cause, courts in the Third Circuit consider three factors: (1) reasonableness of plaintiff's efforts to serve; (2) prejudice to the defendant by the lack of timely service; and (3) whether plaintiff moved

for an enlargement of time to serve. MCI Telecomms. Corp. v. Teleconcepts, Inc., 71 F.3d 1086, 1097 (3d Cir. 1995) (quoting United States v. Nuttall, 122 F.R.D. 163, 166-67) (D. Del. 1988).

The Plaintiff has demonstrated that he acted in good faith because Plaintiff's counsel timely moved for an extension of time to effectuate service of process and there is no prejudice to the Defendant by the lack of timely service. The Plaintiff states that but for "miscommunication with process servers," service would have been made within the seven-day window prescribed by Bankruptcy Rule 7004(e)(1). Dkt. 6. While miscommunication and reliance on a third party may not be sufficient for the first factor, see Petrucelli, 46 F.3d at 1307, this factor is substantially outweighed by the presence of the other two factors. Plaintiff timely filed the Motion on April 17, 2026, within the initial 90-day service period required by Civil Rule 4(m), demonstrating that the Plaintiff's counsel acted with substantial diligence, competence, and reasonableness in seeking an alias summons and attempting to effectuate proper service of process within the initial 90-day period. See Beautyman v. Laurent, 829 F. App'x 581. 584 (3d Cir. 2020) (a timely motion seeking an extension of time to effectuate service of process weighs in favor of finding the presence of good cause). Finally, the Defendant became aware of the pending litigation through the initial service of process attempt on March 17, 2026, when Defendant noticed "loose materials" containing the litigation documents in a common hallway outside her residence. Dkt. No. 5. The Plaintiff also verified service by mail on April 13. Dkt. No. 6. Additionally, the Defendant learned about the case when she inquired about it with the clerk's office. Dkt. No. 14. Therefore, the Defendant had actual notice of the pending litigation during the initial 90-day period prescribed by Civil Rule 4(m), which significantly weighs against finding prejudice. Boley v. Kaymark, 123 F.3d 756, 759 (3d Cir. 1997) (actual notice of a filed action "militates against finding of prejudice necessary to support discretional denial of motion to extend time for service of process"). Based

on the above facts, the Court finds that the Plaintiff has demonstrated good cause to extend its time effectuate service of process.

Moreover, Civil Rule 4(m) also allows the Court to order service be made within a specific time rather than dismiss the case. See Fed. R. Civ. P. 4(m). Based on the analysis above, and because the Plaintiff could be prejudiced by dismissal, it is appropriate to order that service be completed within sixty days rather than dismissing the case.

Because the Court finds there is good cause to extend the window of service of process prescribed by Civil Rule 4(m), it will extend the service of process period by sixty days. The Plaintiff may obtain an alias summons from the clerk and properly serve the Defendant.

With regard to the Motion to Dismiss, there is a "reasonable prosect that service may yet be obtained" pursuant to a good cause extension, dismissal for improper service is inappropriate at this time. Umbenhauer v. Woog, 969 F.2d 25, 30 (3d Cir. 1992). Therefore, the Motion to Dismiss will be denied.

**Conclusion**

The Plaintiff has demonstrated good cause for an extension of time to effectuate service upon the Defendant. Therefore, the Motion will be granted. The Plaintiff may request an alias summons from the clerk's office and must complete service within sixty days. In addition, the Cross Motion will be denied.

Dated: August 27, 2026

JERROLD N. POSLUSNY, JR.
U.S. BANKRUPTCY COURT JUDGE