**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re:<br><br>LILLIE MARIE COLEY,<br><br>Debtor. | Case No. 25-22211 (JNP)<br><br>Chapter 7 |
| SHAWN CARTER,<br><br>Plaintiff,<br><br>v.<br><br>LILLIE MARIE COLEY,<br><br>Defendant. | Adv. Pro. No. 26-1035<br><br>Judge: Jerrold N. Poslusny, Jr. |

## OPINION DENYING DEFENDANT'S REQUEST FOR CERTIFICATION OF DIRECT APPEAL TO THE THIRD CIRCUIT

**JERROLD N. POSLUSNY, JR., U.S. Bankruptcy Judge**

Lillie Marie Coley ("Defendant") filed a motion pursuant to 28 U.S.C. § 158(d)(2)(A) and Federal Rule of Bankruptcy Procedure ("Bankruptcy Rule") 8006 for direct appeal to the United States Court of Appeals for the Third Circuit, seeking review of a decision regarding an extension of time for service of process (the "Motion"). Dkt. No. 30. Shawn Carter ("Plaintiff") opposes the Motion, arguing that the Motion does not meet the requirements for direct appellate review by the Third Circuit. Dkt. No. 37. For the reasons discussed below, the Court will deny the Motion.

### I. Background

On November 17, 2025, Plaintiff filed a voluntary Chapter 7 petition. Case No. 25-22211 Dkt. No. 1. On February 9, 2026, Plaintiff filed an adversary complaint (the "Complaint") alleging his claim is nondischargeable pursuant to section 523(a) of Title 11 of the United States Code (the

"Bankruptcy Code"). Dkt. No. 1. On February 10, 2026, the Court issued a Summons and Notice of Pretrial Conference in an Adversary Proceeding (the "Summons"). Dkt. No. 2. Subsequently, the parties engaged in a series of filings related to whether the Summons and Complaint were properly served. Dkt. Nos. 3, 4, 5, 6, 7, 8, 11, 12, 13, 14.

On August 27, 2026, the Court issued an Opinion and Order granting Plaintiff's request for an extension of time to effectuate service of process and denying Defendant's cross motion to dismiss the case. Dkt. Nos. 15, 16. In the Opinion, the Court found good cause to extend the time for service of process and allowed the issuance of an alias summons to effectuate service. Id. Shortly thereafter, Defendant filed a notice of appeal and motion for leave to appeal the Opinion to the United States District Court for the District of New Jersey ("District Court") pursuant to 28 U.S.C. § 158(a)(3) and Bankruptcy Rule 8004. Dkt. No. 19 and 20. On September 15, 2026, the District Court denied the motion for leave to appeal by text order, finding there was no "genuine dispute as to the correct legal standard and certification would not materially advance the ultimate termination of the litigation." Case No. 26-CV-11257-ESK, Dkt. No. 7.

Subsequently, Defendant filed the Motion, seeking a direct appeal to the Third Circuit pursuant to 28 U.S.C. § 158(d)(2)(A)(i), (iii) and Bankruptcy Rule 8006. Dkt. No. 30. In the Motion, Defendant argues that certification for appeal to the Third Circuit is necessary because: (1) there is no controlling law analyzing the interplay between Bankruptcy Rule 7004(e) and Federal Rule of Civil Procedure ("Civil Rule") 4(m); and (2) if the Third Circuit examines the good cause determination, it would provide clarity for the validity of the extension for service of process and potentially prevent additional expenses by ending further litigation. Id. Plaintiff's opposition to the Motion argues that: (1) there is controlling case law from the Third Circuit regarding a good cause extension for service of process and that the interplay between Bankruptcy

Rule 7004(e) and Civil Rule 4(m) is determined by a plain reading of the text of the rules; (2) an immediate appeal will not materially advance the case; (3) the request is an improper attempt to obtain a second round of interlocutory review after the District Court denied leave; and (4) interlocutory appeals do not provide a sound basis to authorize a direct appeal to the Third Circuit. Dkt. No. 37.

## II. Jurisdiction

This Court has jurisdiction under 28 U.S.C. §§ 1334, 157(a), (b), as well as the Standing Order of Reference issued by the United States District Court for the District of New Jersey on July 23, 1984, as amended. Venue is proper in this Court under 28 U.S.C. § 1409. This is a core proceeding under 28 U.S.C. § 157(b)(2)(I).

## III. Discussion

Defendant seeks certification of direct appeal to the Third Circuit pursuant to 28 U.S.C. § 158(d)(2)(A)(i) and (iii), which provides in relevant part:

> (d)(2)(A) The appropriate court of appeals shall have jurisdiction of appeals described in the first sentence of subsection (a) if the bankruptcy court . . . on the request of a party to the judgment, order, or decree described in such first sentence, or all the appellants and appellees (if any) acting jointly, certify that—
>
> (i) the judgment, order, or decree involves a question of law as to which there is no controlling decision of the court of appeals for the circuit or of the Supreme Court of the United States, or involves a matter of public importance . . .
>
> (iii) an immediate appeal from the judgment, order, or decree may materially advance the progress of the case or proceeding in which the appeal is taken;
>
> and if the court of appeals authorizes the direct appeal of the judgment, order, or decree.

28 U.S.C. § 158(d)(2)(A). In essence section 158(d)(2) of the Judicial Code enables a party to bypass the district court in certain circumstances and seek a direct appeal of a bankruptcy order to the court of appeals. In re Revel AC, Inc., 2015 WL 333341, at *3 (D.N.J. 2015) (citing

Weber v. United States, 484 F.3d 154, 157 (2d Cir. 2007)). However, courts in the Third Circuit are reluctant to provide litigants with "a second bite at the litigation apple following receipt of a district court's determination of an appellate issue in a manner adverse to such party." Id. "[T]he language of the statute at least discourages such a procedure, and instead provides that a party 'direct[ly]' present an issue to the court of appeals, not first seek district court intervention, and only thereafter request certification." Id. (quoting 28 U.S.C. § 158(d)(2)(A)).

This case presents exactly the set of circumstances that are disfavored for certification. Defendant had the opportunity to seek certification to the Third Circuit at the outset of the appellate process but only sought a direct appeal to the Third Circuit after the District Court issued an unfavorable opinion. See Dkt. No. 30; Case No. 26-CV-11257-ESK, Dkt. No. 7. Effectively, Debtor seeks certification to the Third Circuit for another review of substantively the same argument raised and rejected by the District Court. The Motion falls precisely within the circumstances discouraged by the plain language of section 158(d)(2)(A) and its legislative history. Revel, 2015 WL 333341, at *4. In fact, the circumstances in this case are even more egregious than those in Revel where the request for certification to the court of appeals was sought while the appeal was pending to the district court. Debtor in this case seeks certification to the Third Circuit after the District Court denied her motion for interlocutory appeal, which effectively ended her appeal. See id. at *1; see also Case No. 26-cv-11257-ESK, Dkt. No. 7. Debtor's request for certification to the Third Circuit after an unfavorable decision by the District Court is more egregious because it undermines the finality of the District Court's appellate review and encourages piecemeal litigation. Accordingly, the Court will deny the Motion.

## IV. Conclusion

The Plaintiff has failed to meet the requirements for certification for appeal to the Third Circuit pursuant to 28 U.S.C. § 158(d)(2)(A). Therefore, the Motion is denied.

Dated: November 18, 2026

JERROLD N. POSLUSNY, JR.
U.S. BANKRUPTCY COURT JUDGE